# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 ROBERT L. DAVIS, JR.**
**United States Army, Appellant**

ARMY 20120244

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Richard W. Rousseau, Acting Staff Judge Advocate (recommendation)
Colonel Tania M. Martin, Staff Judge Advocate (addendum)

For Appellant:  Major Robert N. Michaels, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee:  Major Robert A. Rodigues, JA; Captain Daniel H. Karna, JA (on brief).

25 June 2014

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of desertion terminated by apprehension in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three months, and forfeiture of $994.00 pay per month for three months.  Appellant was credited with 11 days against his sentence to confinement.

On 29 July 2013, this court issued an opinion affirming only so much of the findings of guilty for Specification 2 of The Charge as found appellant guilty of desertion (not terminated by apprehension).  We affirmed the remaining findings of guilty and the sentence approved by the convening authority.

DAVIS—ARMY 20120244

On 2 January 2014, the United States Court of Appeals for the Armed Forces, pursuant to Article 67, UCMJ, set aside this court's decision and the convening authority's action and ordered a new recommendation and action to address defense counsel's failure to request deferment of forfeitures despite appellant's request to do so.

On 24 April 2014, with the benefit of a new recommendation, a new convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three months, and forfeiture of $994.00 pay per month for three months. He also deferred adjudged and automatic forfeitures consistent with appellant's request. Appellant was again credited with 11 days of confinement credit.

This case is again before us for review under Article 66, UCMJ. This case was submitted on its merits and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find the matters raised by appellant to be without merit. We find, however, one issue remains unresolved. The convening authority did not address the issue of factual insufficiency as to the element of termination by apprehension in Specification 2 of The Charge that we initially identified in our 29 July 2013 opinion.

For the same reasons previously stated in this court's opinion, we affirm only so much of the findings of guilty of Specification 2 of The Charge as finds that appellant:

> Did, on or about 16 May 2011, without authority and with the intent to remain away therefrom permanently, absent himself from his unit, to wit: 1st Battalion, 7th Cavalry Regiment (Rear)(Provisional), 1st Brigade Combat Team (Rear)(Provisional), 1st Cavalry Division (Rear)(Provisional), located at Fort Hood, Texas, and did remain so absent in desertion until on or about 9 November 2011.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we find no dramatic change in the penalty landscape or exposure. Second, appellant was tried and sentenced by a military judge. Third, we find the nature of the remaining offenses still captures the

2

gravamen of the original offenses. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence based on the noted errors, we AFFIRM the approved sentence. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision are ordered restored.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court